Blakey vs. Saunders.

1. In this case it was not material to enquire into the amount of defendant's indebtedness. The issue was as to the intent of defendants in the removal of their property.

2. The indebtedness was admitted, and evidence was only admissible to show fraud in connection with indebtedness.

3. Indebtedness is no evidence of fraud.

---

### BLAKEY vs. SAUNDERS.

The *sci. fa.* to revive a judgment, set out the judgment as follows: "As well the sum of $1,200, a certain debt, as the sum of $248 for his damages which he had sustained, *as well by reason of the detention of that debt as for his costs,*" &c. On the issue upon the the plea of *nul tiel* record, the record offered in evidence shewed a recovery of $1,200 debt, $248 damages *and costs.* Held, to be a fatal variance on the plea.

APPEAL from Greene Circuit Court.

Scott, J., delivered the opinion of the court.

Saunders, the appellee, executor of Wm. Saunders, deceased, sued out a *scire facias* to revive in his own name, a judgment recovered in the Greene Circuit Court, by Wm. Saunders in his lifetime, against James W. Blakey, the appellant. The *scire facias* recites that, "Whereas at a circuit court held within and for the county of Greene, on the 3d Monday after the fourth Monday of April, A. D. 1843, a certain Wm. Saunders recovered against a certain James W. Blakey, late of said county, as well the sum of $1,200, a certain debt, as the sum of $248 for his damages, which he had sustained as well by reason of the detention of that debt *as for his costs*, by him about his suit in that behalf expended," &c. On the trial of the issue on the plea of *nul tiel* record, the record of the judgment was read in evidence, from which it appeared that Saunders recovered judgment against Blakey for $1,200 debt, $248 damages and for costs. The record was objected to as evidence, but the objection was overruled and judgment was rendered against Blakey, the appellant.

There was a manifest variance between the *scire facias*, reciting that the sum of $248 included as well the damages as the costs, and the record read in evidence, showing that the sum of $248 was for the damages only, and that there was a further judgment for costs. The variance is fatal, the defendant having put the record in issue by his plea of *nul tiel* record; Bibbins, vs. Noxon, 4 Wend. 207.

The other Judges concurring, the judgment will be reversed and cause remanded.